**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE RAMOS, JR.,**

    **Petitioner,**

-vs-

**UNITED STATES OF AMERICA,**

    **Respondent.**

Case No.  6:07-cv-1527-Orl-22KRS
(6:06-cr-109-Orl-22KRS)

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government filed a response (Doc. 5) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner was given the opportunity to file a reply to the Government's response, but did not do so.

Petitioner alleges one claim for relief in his motion: his attorney was ineffective when he failed to object to the Court's imposition of a longer term of imprisonment than that given to one of Petitioner's co-defendants.

*I.    Procedural History*

Petitioner and four other individuals were charged in a six-count indictment with several instances of conspiracy to knowingly make false statements in connection with the acquisition of firearms and engaging in the business of dealing firearms without a federal license. (Criminal Case

No. 6:06-cr-109-Orl-22KRS, Doc. 1, filed June 7, 2006).[1]  Petitioner was charged only in counts one through four of the indictment.  On August 4, 2006, pursuant to a written plea agreement (Criminal Case Doc. 45), Petitioner entered a plea of guilty to count one of the indictment.  The guilty plea was accepted and Petitioner was adjudicated guilty of conspiring to knowingly make false statements in connection with the acquisition of firearms and engaging in the business of dealing firearms without a federal license.  At the sentencing hearing, the Court dismissed counts two, three and four of the indictment, pursuant to the written plea agreement, and sentenced Petitioner to a 56 month term of imprisonment on count one (Criminal Case Doc. 86).

Petitioner filed a direct appeal, and, upon finding that the notice of appeal was untimely, the Eleventh Circuit remanded the case to this Court for the limited purpose of determining whether Petitioner's failure to timely file a notice of appeal was the result of good cause or excusable neglect.  *See* Criminal Case Doc. 91.  This Court found no good cause or excusable neglect, *see* Criminal Case Doc. 99, and the Eleventh Circuit dismissed the appeal for lack of jurisdiction (Criminal Case Doc. 101).

## II.    *Petitioner's Claim Is Barred By His Waiver*

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. 45).  Pursuant to the agreement, Petitioner agreed

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to **appeal** [his] sentence or to **challenge it collaterally** on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the

---

[1] Criminal Case No. 6:06-cr-109-Orl-22KRS will be referred to as "Criminal Case."

> ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [he] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

*Id*. at 13-14 (emphasis added). During his change of plea hearing, Petitioner specifically acknowledged that he had discussed this waiver with his counsel. In addition, upon direct inquiry by the Court, Petitioner acknowledged he was giving up the "right to appeal or contest [his] sentence directly or collaterally including following [sic] a petition for writ of habeas corpus under section 2255. . ." (Criminal Case Doc. 104 at 17).

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id*. at 1342.

A review of the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."). Furthermore, the claim asserted by Petitioner in the instant § 2255 motion

concerns a sentencing matter that has no bearing on the validity of the plea or the waiver and falls squarely within the bounds of *Williams*. Since the plea and the waiver were knowingly, intelligently, and voluntarily entered, the waiver provision in Petitioner's plea agreement precludes this Court from considering his claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jose Ramos, Jr. (Doc. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:06-cr-109-Orl-22KRS.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. 103) filed in criminal case number 6:06-cr-109-Orl-22KRS.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on March 19, 2008.

Copies furnished to:

Jose Ramos, Jr.
Counsel of Record

ANNE C. CONWAY
United States District Judge